LUCIUS H. BEERS and OLIVER B. JAMES, Appellants, v. ABBY S. MARSHALL, Defendant-Respondent; MARGARET M. RYAN and Others, Impleaded-Defendants; THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Impleaded-Defendant-Respondent, and UNITED STATES TRUST COMPANY OF NEW YORK, Impleaded-Defendant-Appellant, Brought in as Parties to Answer the Counterclaim Herein Pursuant to Section 271 of the Civil Practice Act.

Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.; Dore, J., dissents and votes for reversal.

DORE, J. (dissenting). I am of opinion that the covenant of the defendant Abby S. Marshall may be enforced by subsequent grantees of the original grantor's adjoining property fronting on Sixty-second street. The covenant in this case prohibits structures other than dwelling houses, and the use which defendant

Marshall, the present owner of the corner lot, proposes to make of the premises clearly violates such covenant. The deed of the corner to the defendant Marshall in 1904 was made expressly subject to the restrictions contained in the deed in 1868 from Gomprecht to McGovern. Obviously, the intention of the parties to the original contract should be ascertained, and on all the facts it is difficult to see how they could have intended to protect only Gomprecht personally, but not to protect the grantees of the adjoining property on East 62d street. It is property rights and not personal rights that normally are sought to be protected by contracts of this character. If the intent is clear, the covenant should be enforced, as was stated by Mr. Justice LAUGHLIN of this court in *Cromwell* v. *American Bible Society* (202 App. Div. 626, 633), where the court, considering the Murray Hill restrictive covenant, stated:

" The rule of strict construction only obtains when it is doubtful or the parties have failed to express their meaning with sufficient definiteness to enable the court to say that its construction is perfectly plain. In the latter class of cases, the rule of strict construction often comes into play and becomes controlling. In this case, however, there is no occasion for having recourse to that rule, for there is no room for doubt with respect to what the parties intended and endeavored to secure by the restrictive agreement. It is perfectly plain that the primary purpose was to maintain the premises, to which the agreement related, for all future time as a residential district. Moreover, aside from use, a building may be a private dwelling house in appearance but not in fact. Ordinarily, I think, a restrictive covenant against the erection of any building other than a private dwelling or a dwelling house restricts use as well as construction, and the restriction as to use is the more important; but in any event I deem it clear that the restrictive agreement in question would be violated by abandoning the use of the building as a dwelling and converting it to business uses as contemplated."

Nor has there been any change in East 62d street, between Lexington and Park avenues, such as would make it inequitable to enforce this covenant. Mrs. Marshall, who owns the corner property, proposes to alter the buildings so as to provide for four stores on the East 62d street front, thus bringing a business element, and for a residential street a very undesirable one with a number of very small stores, into a street which has, for many years, maintained its residental character and appearance. It is the condition of the block on East 62d street and not on Lexington avenue, that is in issue. The referee's error was in confusing East 62d street with Lexington avenue. Plaintiff's contention is entirely correct, that East 62d street, between Park and Lexington avenues, is still wholly residential in character. There has been a decided change on the Lexington avenue front, and, indeed, it is zoned for business, but there has been no such change on the East 62d street front. Cases holding that the covenant is not enforceable in equity deal with the situation where the change in the character of the neighborhood was radical, widespread or complete.

The contention of defendant Marshall that the Marshall property would have no value if its use was restricted so as to prevent the making of stores on the East 62d street front is without merit. An entirely adequate improvement, as the adjoining Lexington avenue property shows, would be a store or stores fronting on Lexington avenue and taking in the whole length of the property. To this, as well as to a store window fronting ten feet on East 62d street, the plaintiffs,

in an effort to do equity, have made no objection. This protects the Marshall property and the enforcement of the covenant to that extent cannot be said to harm defendants without conferring substantial benefit on plaintiffs. Plaintiffs have offered to consent to any decree permitting a store on the Lexington avenue corner as long as the East 62d street front is not affected, whereas placing four stores on the East 62d street side of the property will seriously damage the property and change the present and long maintained residential character of the block. This effort of the defendant Marshall to avoid the effect of the covenant expressly contained in her deed is another illustration of the unwise and shortsighted process of erosion by which one residential neighborhood after the other in New York has been destroyed and preempted for business and commercial purposes, although it should be evident that the shops on the avenue can successfully exist only by maintaining a reasonable residential background for their patronage on the side streets and in proportion as this is destroyed the patronage of the shops is also lessened.

I dissent, and recommend that the judgment appealed from be reversed, with costs.