This is an action brought by the assignee of a conditional sale agreement to recover the amount of a deficiency resulting from the repossession and resale of a motor vehicle.
The defendant and Milford Auto Sales, Inc., entered into a retail instalment contract on September 6, 1958, for the sale of a 1958 Chrysler automobile. The time balance owed by the defendant under the contract was $5087.02. Subsequently, the plaintiff became the assignee for value and holder of the contract. Thereafter, the defendant defaulted in the payment under the contract, and on July 13, 1960, the plaintiff repossessed the automobile. The automobile was stored on a lot adjacent to the plaintiff's office in Bridgeport from July 13, 1960, through July 28, 1960. This lot was open to the public and known to contain repossessed automobiles upon which bids would be accepted by the plaintiff.
On July 13, 1960, one Frank Robbins, on behalf of the plaintiff, sent a letter to the defendant advising him that the automobile would be sold at a private sale on July 28, 1960, at 10 o'clock a.m. The letter further set forth the amount needed by the defendant to redeem the chattel and also stated that the plaintiff would seek to recover from the defendant any deficiency resulting from the sale. Prior to July 28, 1960, the defendant's wife, Noreen Beckwith, called the plaintiff's offices and spoke with Frank Robbins. She was informed that a private sale was to be held and that no one could attend. At no time did Mrs. Beckwith inform the plaintiff or its agent that either she or her husband knew of anyone interested in bidding on the automobile. No one but the defendant was notified of the private sale. On July 28, 1960, a piece of paper purporting *Page 364 
to be a bid was placed in the plaintiff's file showing a bid of $1000 by the plaintiff. This bid was the only offer submitted relative to the purchase of the automobile, and there was no other overt act by the plaintiff as to a sale of the automobile.
This action is now brought to collect a purported deficiency plus attorneys' fees, as provided in the contract. The plaintiff claims that the court erred in failing to correct its finding that no one but the defendant was notified of the private sale and by refusing to add to its finding a conclusion that the plaintiff could have derived no possible advantage in refusing to have others bid on the repossessed vehicle. None of the corrections sought fall within the categories of permissible corrections as set forth in Practice Book § 397; see Cir. Ct. Rule 7.26.1; and merely deal with the acceptance or rejection of testimony, which is a matter for the trial court. Banks v. Adelman, 144 Conn. 176, 179. The credit to be accorded the testimony was for the trial court to determine, and it might refuse to believe testimony even where there was no evidence directly to the contrary. Savings Bank v. Santaniello,130 Conn. 206, 213.
The plaintiff next attacks the conclusions of the court as being contrary to the provisions of § 42-98 of the General Statutes. While there must be evidence to support a finding of fact, conclusions are to be tested by the finding and not by the evidence. The subordinate facts in the instant matter clearly support the conclusions of the trial court, and those conclusions were not drawn in violation of any rule or principle of law, nor were they in conflict with the rules of logic and reason. Therefore they must stand. Maltbie, Conn. App. Proc. §§ 165, 166.
The plaintiff further contends that the subordinate facts support a conclusion that a sale was made *Page 365 
in accordance with the statute then in effect, and therefore the trial court erred in concluding in its finding that there was no resale under § 42-98. To support this assignment of error, the plaintiff interprets § 42-98, subsection (d), as allowing the holder of a retail instalment sale contract, after default and repossession, to bid for the chattel at either a public or a private sale. Under this subsection, the holder of a retail instalment sale contract may retain the chattel under subsection (h) or "sell such goods at public or private sale." If the chattel is retained, the debt is discharged. If it is resold at public or private sale at a price less than the balance due, an action can be brought for the deficiency. § 42-98 (g). However, the plaintiff did nothing to consummate the sale other than to place in its own file a bid to purchase the automobile for $1000. A bid is merely an offer to purchase. The placing of a bid in the plaintiff's file falls short of the requirements of a resale under § 42-98.
 There is no error.
In this opinion TOSCANO and MATZKIN, Js., concurred.