MODERN AUTO FINANCE CORPORATION *v.*
CARROLL PRESTON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-612-1307M

Argued December 16, 1963—decided March 16, 1964

*Richard R. Stewart,* of Hartford, with whom, on the brief, was *Edward G. Pizzella,* of Hartford, for the appellant (defendant).

No appearance filed for the appellee (plaintiff).

DEARINGTON, J. The following facts were found: On December 8, 1959, the defendant entered into a retail instalment contract with Gitlen Motors, Inc., for the purchase of a 1953 Hudson automobile. The contract provided in part that if the defendant was in default for ten days or more, the holder of the contract could take possession, subject to the right of the defendant to redeem the car within fifteen days thereafter, and if such redemption did not occur, the car could be sold according to law. The contract provided for a purchase price of $470, to which was added insurance and finance charges, bringing the total amount to $543.84, payable in fifty-two weekly payments. The contract was assigned to the plaintiff, a subsidiary of Gitlen Motors, Inc. On February 15, 1960, the defendant was in default and at that time voluntarily returned the car to the plaintiff and did not redeem the car within fifteen days after such return. At the time of default, the defendant had paid less than 50 percent of the sale price. On the date the car was returned and accepted by the plaintiff, the defendant executed a "customer release" agreement hereinafter referred to as a release. The release, executed at the request of the plaintiff, authorized it to dispose of the car at a private sale and to dispense

with all the formalities of a public sale, and, further, waived the benefits of any law requiring or permitting "such sale." The release further permitted the plaintiff to return the car to the parent corporation, Gitlen Motors, pursuant to any agreement or arrangement existing between them, and such a return, if made, was to constitute an assignment, not a sale, and would not affect any obligation of the defendant under the terms of the release. On March 2, 1960, the car was transferred by book entry to Gitlen Motors, Inc., and was later sold by it on March 6, 1960, to another dealer for $100. No notice of this sale was given to the defendant. The only transfer or disposition of the car within thirty days was the book entry on March 2. The court held that the plaintiff had, by its acts, accepted the terms of the release and that the release required a resale of the car at a private sale. The court concluded that the resale was in accordance with the terms of the release and that the plaintiff was entitled to a judgment for the difference between the balance due and the sale price of $100.

The defendant assigns error in the court's refusal to correct the finding and in its conclusion. He also assigns error in the admission of certain testimony and in the court's construction of the release. Further error is assigned on the ground that certain statements contained in the court's memorandum of decision are inconsistent with those in its finding. As to the last assignment, where any such conflict exists, it is the rule that the facts and conclusions appearing in the finding prevail over those appearing in the memorandum of decision. Maltbie, Conn. App. Proc. § 152. Other assigned errors, such as lack of consideration and questions of public policy relating to the release, are not considered because they are here presented for the first time and were not raised at the trial. Maltbie, op. cit. § 305.

The release came in as a full exhibit without objection.

The first assignment of error relates to the effect of the release. The defendant contends that the release cannot be construed as a waiver of certain statutory requirements which he claims are conditions precedent to a valid resale, such as notice to the retail buyer and the holding of the resale within thirty days after the retaking of the car. Section 42-98 (e) of the General Statutes provided that if the retail buyer had not paid at least 50 percent of the price at the time of repossession,[1] the holder of the contract should be under no duty to resell as prescribed in subsection (d)[2] unless the retail buyer served on the holder, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered or certified mail. "If such notice is served, the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in subsection (d)." Subsections (f) and (g) provided for the application of the proceeds of the resale and the recovery of a deficiency. Subsections (h) and (i) provided that the buyer should be discharged of all obligations when there was no resale.

The court found that the terms of the release constituted a written notice of a demand for resale

---

[1] Sections 22 and 23 of No. 116 of the 1961 Public Acts amended §§ 42-98 (d) and 42-98 (e) and, among other changes, "sixty per cent" was substituted for "fifty per cent" and "ninety days" for "thirty days."

[2] Section 42-98 (d) provided that when goods are sold under a retail instalment agreement and retaken by the holder of the contract and not redeemed within fifteen days thereafter, and at least fifty percent of the price had been paid, the holder shall sell such goods at public or private sale, which sale may be held not less than fifteen days and shall be held not more than thirty days after the repossession, and the holder shall also give the retail buyer not less than ten days' written notice of the time and place of the sale, either personally or by registered or certified mail.

by private sale. In its memorandum of decision, the court concluded that the resale held on May 6, 1960, was the resale it recognized. The book transfer on March 2, 1960, was not as claimed by the plaintiff, a resale within the intendment of the act. *K. B. Noble Co.* v. *Popielarczyk,* 125 Conn. 699, 703; *Universal C. I. T. Credit Corporation* v. *Beckwith,* 23 Conn. Sup. 362, 365. Clearly, the resale on May 6, 1960, was not within thirty days after the retaking as required by statute. The court further found that the plaintiff failed to give the defendant notice of the resale, as required by statute. However, the court found that the resale was in accordance with the terms of the release and was a valid resale. The rationale of the court obviously was that the statutory requirements relating to the resale had been waived by the defendant under the provisions of the release. With this interpretation the defendant disagrees and contends that the release should not have been construed so as to relieve the plaintiff from the requirements of notice and the holding of the resale within thirty days after the retaking.

The pertinent provision of the release bearing on the waiver is as follows: "I hereby request and authorize you to sell the property herewith delivered to you or now in your possession at private sale, dispensing with all the formalities of public sale and waiving the benefits of any law requiring or permitting such sale, . . . ." The crucial question is whether the words "such sale" in the phrase "waiving the benefits of any law requiring or permitting such sale" refer to private sale or public sale, or both methods of sale. We hold that the words "such sale" refer to the last previous method of sale set forth, i.e., "public sale." This construction is strengthened by the use of the conjunctive "and" between the two participial phrases within the parenthetically used commas and by the absence of

any comma separating the phrases. Furthermore, when a waiver is in derogation of a statutory right it is not favored (*Colgate* v. *United States Leather Co.*, 73 N.J. Eq. 72, 86) and will not be inferred from doubtful acts or language, but must be evidenced by some act or conduct of an unequivocal character. *Foundry Mfg. Co.* v. *Farr*, 96 Vt. 382, 387; *Dunbar* v. *Farnum*, 109 Vt. 313, 322. The instrument was not drawn by the defendant. It was submitted to him by the plaintiff, and he was requested to execute it. It is the plaintiff's language which is to be interpreted, and if the instrument is so drawn as to leave room for two constructions, the words used should be interpreted most strongly against the plaintiff. *Wall* v. *Wason*, 146 Conn. 32, 36; *Dorne* v. *Williams*, 140 Conn. 193, 201; *Ciarleglio* v. *Benedict & Co., Inc.*, 127 Conn. 291, 293.

We conclude that the release did not relieve the plaintiff from complying with the statutory requirements relating to resale. The failure of the plaintiff to comply with those requirements rendered the resale nugatory so far as the statute is concerned, and the plaintiff is in the same position as if it had made no resale. It follows that the defendant was discharged from any obligation under the agreement, for a deficiency judgment may be had only in the event of a valid resale in conformance with the statute. General Statutes § 42-98 (i); *Veterans Loan Authority* v. *Rozella*, 21 N.J. Super. 1, 4, cert. denied, 10 N.J. 343; *Mott* v. *Moldenhauer*, 261 App. Div. 724, 726 (N.Y.); *Ryan* v. *General Motors Acceptance Corporation*, 248 App. Div. 688 (N.Y.); *Mack International Motor Truck Co.* v. *Thelen Trucking Co.*, 205 Wis. 434, 436; note, 83 A.L.R. 959.

Consideration of the assignment of error relating to the fair cash market value of the car at the time of resale is unnecessary.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion PRUYN and LEVINE, Js., concurred.

