ALBERT CHANCE *v.* NORWALK FAST OIL, INC., ET AL.
(AC 18303)

Lavery, Hennessy and Dupont, Js.

Argued June 7—officially released October 12, 1999

*Christopher T. Coburn*, with whom were *Saul A. Rothman* and, on the brief, *Lawrence M. Lapine, Robert S. Bello* and *Thomas M. Cassone*, for the appellants (defendants).

*David P. Atkins*, with whom was *Maximino Medina, Jr.*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. The individual defendants[1] appeal from the judgment of the trial court dissolving the corporate

---

[1] The corporate defendant was defaulted in the trial court for failure to appear and filed no appearance in this court. We refer in this opinion to the individual defendants Richard Kosminoff, Seymour Epstein and Morris Epstein as the defendants.

defendant Norwalk Fast Oil, Inc. (corporation). On appeal, the defendants claim that the trial court improperly (1) ordered the dissolution and winding-up of the corporation and (2) denied their motion to dismiss the cause of action. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiff, Albert Chance, commenced this action to dissolve the corporation by summons and complaint dated May 9, 1997. The complaint alleges, in part, that the shareholders are deadlocked in voting power for the election of directors and have been unable to elect successor directors. The complaint prayed that the trial court dissolve the corporation, declare the date of dissolution and order the winding-up of the corporation. In response, the defendants asserted as a special defense paragraph six of the shareholders agreement (stalemate provision), which provides that "in the event that a stalemate is reached after tallying the votes on any substantive issue affecting the Corporation, then it is hereby agreed that the stalemate shall be broken by Chance and [Richard] Kosminoff each selecting the same third person to whom the proposed question shall be submitted, and his decision on the matter shall be binding upon the Corporation and all of its shareholders." After trial, the defendants filed a motion to dismiss the case claiming that the trial court lacked subject matter jurisdiction because Chance failed to comply with the stalemate provision.

The trial court issued a memorandum of decision dated March 23, 1998, finding the following facts and rendering judgment in Chance's favor. The corporation is incorporated under the laws of this state and its principal place of business is in Norwalk. Chance is a 40 percent shareholder who holds 50 percent of the voting rights in the corporation. Kosminoff is also a 40 percent shareholder who holds 50 percent of the voting

rights in the corporation. Seymour Epstein and Morris Epstein each own 10 percent of the stock in the corporation but ceded their voting rights to Chance and Kosminoff in equal shares.

Mark Rubenstein, an attorney, testified that in 1990 he prepared corporate minutes and waivers that were sent to the shareholders for their signatures. Only Chance signed the documents. Similar events occurred in 1991. The parties attempted to resolve their disputes and to close the business in 1994, but the closing never took place. Chance is involved in other litigation with the defendants and no longer is on speaking terms with them.

On April 22, 1997, Chance, as president of the corporation, called a special meeting of the shareholders to be held on May 1, 1997, at 11 a.m. The purpose of the meeting was to elect directors. The slate presented by Chance was defeated, as was the slate presented by Kosminoff. Thereafter, Chance suggested, pursuant to the stalemate provision, that Howard M. Rosenkrantz be appointed to break the stalemate regarding the appointment of directors. Kosminoff rejected the suggestion and sometime later recommended that Nicholas Cioffi be appointed, which recommendation was not accepted. The trial court concluded that the shareholders are deadlocked in voting power for the election of directors and, for that reason, have been unable to elect successors to directors whose terms normally would have expired upon election of successors, pursuant to General Statutes § 33-896 (b) (2) (B).

The trial court also found that the defendants did not prove by a fair preponderance of the evidence that Chance is estopped or has waived his rights to seek a dissolution of the corporation as alleged in the defendants' special defenses. The trial court concluded that the stalemate provision is not a condition precedent to

a court-ordered dissolution and is not an unequivocal waiver of Chance's rights under § 33-896 (b) (2) (B).[2] The trial court declared, pursuant to General Statutes § 33-899,[3] that the corporation be dissolved as of April 15, 1998, and ordered that the winding-up and liquidation of the corporation's affairs be done pursuant to General Statutes § 33-884.[4] This appeal followed.

I

The defendants claim first that the trial court improperly dissolved the corporation and ordered its winding-up. We are not persuaded.

"When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find

[2] General Statutes § 33-896 provides in relevant part: "(b) The superior court for the judicial district where the corporation's principal office . . . is located shall dissolve a corporation . . . (2) in a proceeding by a shareholder or a director when it is established that . . . (B) the shareholders are deadlocked in voting power for the election of directors and for that reason have been unable at the next preceding annual meeting to elect successors to directors whose term would normally have expired upon the election of their successors."

[3] General Statutes § 33-899 provides: "(a) If after a hearing the court determines that one or more grounds for judicial dissolution described in section 33-896 exist, it may, in the case of the grounds specified in subsection (a) of said section, and shall, in the case of grounds specified in subsection (b) of said section, enter a decree dissolving the corporation and specifying the effective date of the dissolution, and the clerk of the court shall deliver a certified copy of the decree to the Secretary of the State, who shall file it.

"(b) After entering the decree of dissolution, the court shall direct the winding up and liquidation of the corporation's business and affairs in accordance with section 33-884 and the notification of claimants in accordance with sections 33-886 and 33-887."

[4] General Statutes § 33-884 (a) provides: "A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including: (1) Collecting its assets; (2) disposing of its properties that will not be distributed in kind to its shareholders; (3) discharging or making provision for discharging its liabilities; (4) distributing its remaining property among its shareholders according to their interests; and (5) doing every other act necessary to wind up and liquidate its business and affairs."

support in the facts that appear in the record." (Internal quotation marks omitted.) *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997). "Ordinarily, the construction and interpretation of a statute is a question of law for the courts . . . ." (Internal quotation marks omitted.) *West Hartford Interfaith Coalition, Inc.* v. *Town Council*, 228 Conn. 498, 507, 636 A.2d 1342 (1994). Here, our review is plenary because we must decide a question of law, namely the construction and interpretation of § 33-896.

The parties conceded before us that they have not been able to elect successor directors since the early 1990s. Only Chance signed the corporate minutes and waivers at that time; the defendants did not. The trial court found that the parties were deadlocked with respect to electing successor directors of the corporation. General Statutes § 33-896 (b) (2) (B) provides that the Superior Court may dissolve a corporation when "the shareholders are deadlocked in voting power for the election of directors and for that reason have been unable at the next preceding annual meeting to elect successors to directors whose term would normally have expired . . . ."

The basis of the defendants' argument is that the statute requires that the shareholders not reach agreement at the next preceding *annual* meeting. They claim that because Chance called a "special" meeting to be held on May 1, 1997, for the purpose of electing directors, the requirements of the statute have not been met. The defendants rely on the fact that Chance called a "special" meeting to elect directors and overlook the fact that Chance and Kosminoff were not able to elect directors at the next preceding annual meeting, i.e., the trial court specifically found that the defendants did not sign the minutes and waivers of the corporation in

1990 and 1991, which included the election of successor directors. At the time of trial, the parties had not been able to elect successor directors for more than five years.

The case of *Krall* v. *Krall*, 141 Conn. 325, 106 A.2d 165 (1954), concerns a predecessor dissolution statute and is instructive because it involved a stalemate between the stockholders. In *Krall*, the corporation initially had three shareholders: the plaintiff owned 49 percent of the shares, her husband owned 1 percent and the defendant owned 50 percent of the shares. The defendant and the plaintiff's husband operated the business until the plaintiff's husband died. The plaintiff then effectively became a 50 percent shareholder because she controlled her deceased husband's share under the laws of intestacy. The defendant operated the business profitably, took a salary and failed to pay any dividend; the plaintiff was suspicious and bitter toward the defendant. The parties disagreed, held no shareholder meetings and were unable to settle their dispute. The trial court found that for a period of more than seven years there had been dissension as a result of a deadlock between the parties. Id., 327–30.

In affirming the trial court's judgment appointing a receiver to end the deadlock in *Krall*, our Supreme Court stated, "It is generally true that disagreement and dissension among stockholders is not in itself sufficient ground for a corporate receivership. . . . Nevertheless, the statute is broad in its purpose and intent. . . . It confers extensive equitable powers. It gives considerable latitude to the exercise of judicial discretion and does not hold the court to the stark letter of the law." (Citations omitted.) Id., 331. As in the case before us, the *Krall* parties failed to hold annual meetings as required by statute and the corporation's bylaws. That in and of itself is a violation of the law that necessitates corporate dissolution.

"It is fundamental to the concept of a corporation that its affairs are to be controlled by a board of directors elected by a majority of the stockholders. . . . In the instant case, there is no such board and no such board can be elected. Consequently, there has not been and cannot be any deliberative control of the company by a board of directors. The corporation is a mere shell inhabited by a business . . . . A receiver is properly appointed when there are such dissensions in the governing body of a corporation, or between sets of stockholders, each owning an equal amount of stock, that the corporation ceases to function in the manner provided for by its own by-laws and in accordance with the statutes relating to corporations." Id., 334–35. The circumstance before us is on point. For more than five years since the last annual meeting, the parties have failed to hold an annual meeting and to elect successor directors. Chance's effort to hold a special meeting of the corporation to elect successor directors is irrelevant. Furthermore, the parties created the stalemate themselves when they invited its possibility by entering into an agreement whereby control of the corporation was divided equally among them. See id., 334.

The trial court, therefore, properly concluded that there is no more chance of breaking the deadlock between the parties in the future than there has been in the past and ordered the winding-up of the corporation.

## II

The defendants' second claim is that the trial court improperly denied their motion to dismiss Chance's cause of action because it was barred by the stalemate provision of the shareholder agreement. We do not agree.

"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact; *Gurliacci* v. *Mayer*, 218 Conn. 531,

567, 590 A.2d 914 (1991); *Finley* v. *Aetna Life & Casualty Co.*, 202 Conn. 190, 199, 520 A.2d 208 (1987); [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corp.*, 203 Conn. 123, 131, 523 A.2d 1266 (1987)." (Internal quotation marks omitted.) *Levine* v. *Massey*, 232 Conn. 272, 277–78, 654 A.2d 737 (1995).

The stalemate provision of the shareholder agreement provides that "in the event that a stalemate is reached after tallying the votes on any substantive issue affecting the Corporation, then it is hereby agreed that the stalemate shall be broken by Chance and Kosminoff each selecting the same third person to whom the proposed question shall be submitted, and his decision on the matter shall be binding on the Corporation and all of its shareholders." The defendants claim that this provision is analogous to an arbitration clause and that Chance is bound to abide by the provision without resort to litigation.

The language of the stalemate provision clearly states that any stalemate shall be broken by Chance's and Kosminoff's each selecting the same third person to whom the proposed question shall be submitted. Given the five years of litigation among and between the parties, their failure to speak or to hold an annual meeting of the corporation and the equal voting power created by the parties, it is likely that the parties will never be able to break their deadlock. The trial court properly found the interaction between Chance and Kosminoff to be a perpetual power struggle with little or no regard for the shareholder agreement or statutory requirements. The conflict was the result of the parties' own making and the trial court properly stepped in to break the stalemate by dissolving the corporation.

The stalemate provision also is not a waiver of Chance's statutory right to ask the court to dissolve the corporation. To waive a statutory right, the language of the agreement must be clear and unequivocal. See *Modern Auto Finance Corp.* v. *Preston*, 2 Conn. Cir. Ct. 492, 497, 202 A.2d 845 (1964). The defendants have pointed to no language in the shareholder agreement that provides unequivocally that any stockholder agreed to waive his right to seek a dissolution of the corporation pursuant to § 33-896. We therefore affirm the trial court's judgment.

The judgment is affirmed.

In this opinion the other judges concurred.