# IN RE ADELINA G. ET AL.*
## (AC 19039)

Hennessy, Vertefeuille and Daly, Js.

Argued September 30—officially released November 30, 1999

*David B. Rozwaski*, with whom, on the brief, was *Sara R. Martin*, for the appellant (respondent mother).

*Carmel Alicia Motherway*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Opinion*

DALY, J. This is an appeal by the respondent mother[1] from the judgments of the trial court terminating her parental rights with respect to her daughter, Adelina, and her son, Luis, pursuant to General Statutes (Rev. to 1997) § 17a-112, as amended by No. 98-241 of the 1998 Public Acts.[2] On appeal, the respondent claims that (1) her due process and equal protection rights have been infringed by the department of children and families' (department) rescission of its promise of long-term foster care to Adelina and (2) the trial court improperly denied her motion for an in camera interview with Adelina, thereby violating her statutory right of confrontation under General Statutes § 46b-135 (b). We decline to review these claims.

The following facts are relevant to our disposition of this appeal. Adelina was born on March 7, 1984. She was committed to the custody of the commissioner of children and families (commissioner) as an uncared-for child on July 15, 1992. On January 27, 1998, the commissioner filed a petition to terminate the respondent's parental rights. A trial was held during August, 1998. On October 5, 1998, the court granted the petition and terminated the respondent's parental rights, finding by clear and convincing evidence that Adelina had been adjudicated uncared-for, that the respondent had failed to achieve such a degree of personal rehabilitation as would encourage the belief that she could assume a reasonable position in Adelina's life within a reasonable

---

[1] The respondent father is not a party to this appeal, having voluntarily consented to termination of his parental rights. We refer in this opinion to the respondent mother as the respondent.

[2] The commissioner of children and families filed petitions to terminate the respondents' parental rights with respect to two of their three children. The trial court rendered separate judgments as to the two children, and the respondent's appeal form lists the docket number of each judgment. The respondent has not, however, raised any claims related to the termination of her parental rights as to her son, Luis. We therefore dismiss her appeal as to that judgment.

time considering her age and needs, and that these grounds had existed for more than one year.[3] This appeal followed.

I

The respondent claims first that her due process and equal protection rights have been infringed by the department's rescission of its promise of long-term foster care to Adelina. We decline to review this claim.

During oral argument, the respondent did not address this issue, choosing, rather, to raise for the first time during oral argument an issue concerning the dispositional phase of the termination proceedings, arguing that Adelina's best interest would be served through long-term foster care placement and that it is unnecessary to terminate her parental rights. Specifically, the respondent claimed that the trial court incorrectly decided the dispositional phase of the case because it failed to hear direct testimony from the child regarding her desires and wishes on this matter. Because the issue was raised for the first time during oral argument and, therefore, has not been properly briefed, we decline to consider it. See *State* v. *Wright*, 197 Conn. 588, 595, 500 A.2d 547 (1985).[4]

II

The respondent claims next that the trial court improperly denied her motion for an in camera interview with Adelina, thereby violating her statutory right of confrontation under § 46b-135 (b).[5] We decline to review this claim.

[3] A third child of the respondent remains in the custody of the commissioner. The commissioner did not petition to terminate the respondent's parental rights as to that child.

[4] Moreover, counsel for the respondent seemed to abandon the issue discussed in the brief. When asked at oral argument before this court, counsel responded that the only two issues before the court were the in chambers conference issue and the issue concerning the dispositional phase. We will discuss the in chambers conference issue in part II of this opinion.

[5] General Statutes § 46b-135 (b) provides: "At the commencement of any proceeding on behalf of a neglected, uncared-for or dependent child or

The issue as framed in the respondent's brief states that in refusing to allow Adelina to testify, the trial court has infringed upon the respondent's due process and equal protection rights. The respondent, however, fails to give any state or federal constitutional analysis on this issue. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998); see also *State* v. *Leary*, 51 Conn. App. 497, 499, 725 A.2d 328 (1999); *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 586, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996)." (Internal quotation marks omitted.) *State* v. *Barnett*, 53 Conn. App. 581, 587, 734 A.2d 991, cert. denied, 250 Conn. 918, 738 A.2d 659 (1999).

In her brief, the respondent sets out this claim and the relevant facts. She fails to provide, however, a standard of review. Curiously, the only citation to legal authority made by the respondent is to cases that, in fact, undermine her argument. See *In re Lauren R.*, 49 Conn. App. 763, 780, 715 A.2d 822 (1998); *In re Wayne A.*, 25 Conn. App. 536, 542, 595 A.2d 373 (1991); *In re Noel M.*, 23 Conn. App. 410, 421, 580 A.2d 996 (1990). Accordingly, we decline to review this claim.

---

youth, the parent or parents or guardian of the child or youth shall have the right to counsel, and shall be so informed by the judge, and that if they are unable to afford counsel, counsel will be provided for them, and such counsel and such parent or guardian of the child or youth shall have the rights of confrontation and cross-examination."

The appeal from the judgment terminating parental rights with respect to Luis G. is dismissed; the judgment terminating parental rights with respect to Adelina G. is affirmed.

In this opinion the other judges concurred.