# IN RE BRANDON W. ET AL.*
## (AC 18900)

Foti, Landau and Spear, Js.

Argued September 23, 1999—officially released January 18, 2000

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Christopher J. Molyneaux*, with whom, on the brief, as *Norman J. Voog*, for the appellant (respondent mother).

*Susmita M. Mansukhani*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Opinion*

SPEAR, J. The respondent mother[1] appeals from the judgments of the trial court adjudicating as neglected her two minor children, B and C, and committing them to the custody of the commissioner of the department of children and families (commissioner). The respondent claims that the trial court improperly (1) determined that Practice Book § 220 (D), now § 13-4 (4),[2] which precludes expert testimony that is not disclosed prior to trial, does not apply in neglect proceedings, (2) allowed

---

[1] The respondent father has not appealed from the trial court's judgments. We refer to the respondent mother as the respondent in this opinion.

[2] Practice Book § 13-4 (4) provides in relevant part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection . . . such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

hearsay within hearsay to be admitted into evidence at the trial, (3) granted the commissioner's motion to preclude her from calling her children as witnesses and (4) refused to require the commissioner to prove its case by the clear and convincing evidence standard.[3] We affirm the judgments of the trial court.

The following facts and procedural history are relevant to this appeal. The respondent is the mother of B, born in 1988, and C, born in 1991. The commissioner previously had commenced a neglect proceeding against the respondent as to both B and C in October, 1992. The proceeding resulted in the trial court's adjudicating the children neglected and placing them under protective supervision for twelve months. The protective supervision was extended to December 21, 1994.

On September 20, 1995, the commissioner obtained a temporary custody order as to the children. The trial court found that the children were in immediate physical danger from their surroundings and that immediate removal from such surroundings was necessary to ensure their safety. On the same day, the commissioner filed a petition alleging that the children were neglected. The commissioner amended its petition on March 26, 1997, to include allegations that F, the respondent's boyfriend at the time, had sexually abused C.

At the neglect hearing, David Mantell, a clinical psychologist; Lenore Pandolfe, the children's specialized foster care therapist; and Kathleen Sidoti, an investigative social worker, all qualified as expert witnesses and testified. The respondent objected to their testimony because the commissioner had not provided her with notice prior to trial as required under § 220 (D), now § 13-4 (4), that the experts would be testifying. The

---

[3] The respondent claimed also that the trial court improperly (1) determined that she had abandoned her children and (2) denied her motion to dismiss the case. The respondent withdrew these claims at oral argument.

trial court overruled the respondent's objection and admitted the testimony, determining that § 220 (D) did not apply in neglect proceedings because such proceedings are governed by the rules of practice for juvenile matters.

At the outset of Sidoti's testimony at the neglect hearing, counsel for the commissioner inquired as to how Sidoti became involved in the case. Sidoti responded that she had received a report alleging that C was being sexually abused. Counsel next inquired as to the specific contents of the report. The respondent objected to the question, claiming that such testimony would be hearsay within hearsay. The trial court overruled the objection, and Sidoti testified that: "The report had allegations in it that Toni Moore, the ongoing worker, had gathered that [C] had disclosed . . . that daddy [F] had put his wiener in her butt." Sidoti eventually went on to testify, in her expert opinion and on the basis of her investigation, that C had been sexually abused.

Pandolfe also testified that, in her expert opinion, C had been sexually abused. Pandolfe went on to testify on the basis of her expert opinion that the children would be unreliable witnesses at the trial. As a result of that testimony, the trial court granted a motion in limine, filed by the commissioner, to preclude the respondent from calling the children as witnesses. Mantell thereafter testified that F disclosed that he had been convicted twice for sexually abusing two children.

On August 14, 1998, the trial court adjudicated the children neglected. The court found that the commissioner had proven by a fair preponderance of the evidence that C was a sexually abused child and that both she and B had been denied proper care and attention. The court also found that the children were living under conditions injurious to their well-being. As a result, the court concluded that it was not in the best interest

of the children to be returned to the custody of the respondent. The court then ordered that the children be committed to the custody of the commissioner for a period not to exceed twelve months.[4] This appeal followed.

I

The respondent first claims that the trial court improperly allowed expert testimony from Mantell, Pandolfe and Sidoti. The respondent asserts that their testimony should have been excluded because the commissioner failed to provide her with notice of those witnesses prior to trial pursuant to § 220 (D), now § 13-4 (4). Specifically, the respondent claims that the trial court improperly determined that the commissioner did not have to meet the notice requirement of § 220 (d), now § 13-4 (4), because that section is not applicable in neglect proceedings. We agree with the trial court.

Ordinarily, a trial court's ruling on the admissibility of evidence is subject to an abuse of discretion standard of review. See *State* v. *Berger*, 249 Conn. 218, 229, 733 A.2d 156 (1999); *In re Lauren R.*, 49 Conn. App. 763, 779, 715 A.2d 822 (1998). "When, however, the trial court draws conclusions of law, our review is plenary . . . ." (Internal quotation marks omitted.) *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997); see also *Chance* v. *Norwalk Fast Oil, Inc.*, 55 Conn. App. 272, 276, 739 A.2d 1275, cert. denied, 251 Conn. 929, 742 A.2d 361 (1999). In fact, "[a] broader standard of review . . . is warranted where . . . we are presented with an issue of first impression involving the applicability

---

[4] The children were scheduled to be returned to the respondent on or about August 14, 1999. The commissioner received a twelve month extension, however, and the children are now scheduled to be returned to the respondent on or about August 14, 2000.

of [a statute]"; *Baerst* v. *State Board of Education*, 34 Conn. App. 567, 571, 642 A.2d 76, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994); or, as in the present circumstance, a rule of practice.

In determining the applicability of rules of practice, we apply the rules of statutory construction. *State* v. *Siano*, 216 Conn. 273, 278, 579 A.2d 79 (1990). This means that we assume that "the promulgators of . . . rules do not intend to proclaim meaningless or ineffective rules . . . ." Id. The respondent in this case, however, would have us hold that § 220 (D), now § 13-4 (4), contained in the civil procedure section of the Practice Book, applies in neglect proceedings. Such a holding would eviscerate the more specific discovery rule, Practice Book § 35-3,[5] formerly § 1058.1, contained in the juvenile procedure section.[6]

Further, had the judges of the Superior Court desired that § 220 (D), now § 13-4 (4), apply in neglect proceedings, they would have simply stated so. The judges of the Superior Court were fully aware of how to draft the appropriate language as is evidenced in the family procedure section of the Practice Book. Practice Book § 25-31, which governs discovery procedure in family cases, specifically provides that "[t]he provisions of Sections 13-1 through 13-11 . . . shall apply to family matters . . . ." We, therefore, conclude that the trial court correctly determined that § 220 (D), now § 13-4 (4), is inapplicable in neglect proceedings.

## II

The respondent next claims that the trial court improperly allowed Sidoti to testify as to what C told

---

[5] Practice Book § 35-3 (a) provides: "Pretrial discovery by interrogatory, production, inspection or deposition of a person may be allowed with the permission of the judicial authority only if the information or material sought is not otherwise obtainable and upon a finding that proceedings will not be unduly delayed."

[6] We also note that here the respondent had access to the brief reports of the expert witnesses prior to trial.

Moore regarding the alleged sexual abuse. The respondent essentially claims that the trial court improperly admitted hearsay within hearsay at the trial.

"[A hearsay challenge] is a claim of an erroneous evidentiary ruling and as such does not implicate the constitution." (Internal quotation marks omitted.) *State* v. *Walsh*, 52 Conn. App. 708, 720, 728 A.2d 15, cert. denied, 249 Conn. 911, 733 A.2d 233 (1999). "In nonconstitutional claims, the [party challenging the ruling] has the burden of demonstrating the harmfulness of the claimed error. . . . He [or she] must show that it is more probable than not that the claimed error affected the verdict." (Citation omitted; internal quotation marks omitted.) Id.

Even if we assume, arguendo, that the trial court improperly allowed Sidoti's challenged testimony, the respondent has failed to show how the exclusion of that testimony could have affected the result of the case. " '[A] judgment need not be reversed merely because inadmissible evidence has been admitted, if permissible evidence to the same effect has also been placed before the [trier of fact].' " Id.

Here, there was ample evidence apart from the challenged testimony to support the trial court's conclusions that C was sexually abused and that the respondent's children were neglected. Sidoti independently investigated and substantiated the sexual abuse allegations and testified that in her expert opinion, C had been sexually abused. C's specialized foster care therapist, Pandolfe, also testified that in her expert opinion, "[C] exhibits approximately thirty behavioral symptoms of a child who has been sexually abused." Additionally, evidence was presented at trial that C had been hospitalized for excessive masturbation, another indication of sexual abuse. Accordingly, Sidoti's challenged testimony was cumulative of properly admitted evidence. We conclude, therefore, that the respondent

has failed to demonstrate the harmfulness of the claimed error.

## III

The respondent next claims that the trial court improperly refused to allow her to call her children as witnesses, thereby violating the right to confrontation afforded her under the due process clauses of the state and federal constitutions and General Statutes § 46b-135 (b).[7] We first summarily dispose of the respondent's claim of a constitutional right to confrontation under the due process clauses.

The respondent fails to give any state or federal constitutional analysis on this issue. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998); see also *State* v. *Leary*, 51 Conn. App. 497, 499, 725 A.2d 328 (1999); *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 586, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996). . . . *State* v. *Barnett*, 53 Conn. App. 581, 587, 734 A.2d 991, cert. denied, 250 Conn. 918, 738 A.2d 659 (1999)." (Internal quotation marks omitted.) *In re Adelina G.*, 56 Conn. App. 40, 43, 740 A.2d 920 (1999). Accordingly, we decline to review this claim.

---

[7] General Statutes § 46b-135 (b) provides in relevant part: "At the commencement of any proceeding on behalf of a neglected, uncared-for . . . child or youth, the parent . . . of the child or youth shall have the rights of confrontation and cross-examination."

We next turn to the respondent's statutory claim of a right to confrontation under § 46b-135 (b). "It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.) *In re Lauren R.*, supra, 49 Conn. App. 779.

"[C]ases involving the testimony of abused children require special consideration." *In re Noel M.*, 23 Conn. App. 410, 421, 580 A.2d 996 (1990). "The trial court maintains the authority to admit or exclude the testimony of a child based on the court's assessment of the child's ability to offer relevant and reliable evidence. . . . The [ability] of a witness [to testify reliably] is a matter peculiarly within the discretion of the trial court and its ruling will be disturbed only in a clear case of abuse or of some error in law." (Citation omitted; internal quotation marks omitted.) *State* v. *Marquis*, 241 Conn. 823, 836, 699 A.2d 893 (1997). The trial court also has the discretion to preclude a child's testimony where the evidence is cumulative. *In re Lauren R.*, supra, 49 Conn. App. 780; *In re Wayne A.*, 25 Conn. App. 542, 595 A.2d 373 (1991).

The court's decision to preclude the respondent from calling her children to testify in this case is supported by our past decisions and was rendered with regard to what was right and equitable under the circumstances and the law. See *In re Lauren R.*, supra, 49 Conn. App.

780. The trial court heard expert testimony that requiring C to testify would have a traumatic effect on her, and requiring B to testify would have a similar negative effect on his well-being. Additionally, the court found that the children's testimony would have been unreliable.[8] Further, given all of the evidence presented at trial as to the sexual abuse of C, the children's testimony would have been cumulative. We, therefore, conclude that the trial court's decision to preclude the children from being called as witnesses was a proper exercise of its discretion.

## IV

The respondent finally claims that the trial court improperly employed the fair preponderance of the evidence standard rather than the clear and convincing evidence standard. We disagree.

The respondent asks this court to "reconsider the issue of the appropriate burden of proof in these neglect cases, and [to] reverse [our Supreme Court's] prior holding." Our Supreme Court established in *In re Juvenile Appeal (84-AB)*, 192 Conn. 254, 263, 471 A.2d 1380 (1984), that " 'the standard of proof applicable to temporary custody proceedings pursuant to [General Statutes] § 46b-129 (b) is a fair preponderance of the evidence.' " It is not our function as an intermediate appeals court to rule contrary to Supreme Court authority. See, e.g., *State* v. *Goodman*, 35 Conn. App. 438, 442, 646 A.2d 849, cert. denied, 231 Conn. 940, 653 A.2d 824 (1994); *State* v. *Sawyer*, 29 Conn. App. 68, 72, 614 A.2d 471 (1992), rev'd on other grounds, 227 Conn. 566, 630 A.2d 1064 (1994); *Pettengill* v. *Pettengill*, 18 Conn. App. 557, 559, 559 A.2d 240, cert. denied, 212 Conn. 808, 563 A.2d 1356 (1989); see also *Center Shops of East Granby, Inc.* v. *Planning & Zoning Commission*, 52 Conn. App. 763,

---

[8] We note that the respondent did not object to the court's finding and offered no evidence on the issue.

780, 727 A.2d 807, cert. granted on other grounds, 249 Conn. 906, 733 A.2d 223 (1999). We conclude that the trial court utilized the appropriate standard of proof.

The judgments are affirmed.

In this opinion the other judges concurred.