(97 P.3d 1060)
No. 91,676

IN THE MATTER OF THE MARRIAGE OF SHERRI A. ALLEN, n/k/a CLARK, *Appellant*, and ERIC A. ALLEN, *Appellee*.

Opinion filed September 24, 2004.

*Darrell Smith*, of Olathe, for appellant.

*Jennifer Anne Passiglia*, of Taylor, Krusor & Passiglia, LLP, of Winfield, for appellee.

Before MARQUARDT, P.J., HILL and MCANANY, JJ.

HILL, J.: In this case we are asked to determine if the district court, in a custody dispute, had the authority to prevent a divorced mother from forcing her minor daughter to testify in open court and choose one parent over the other. The district court released the child from her subpoena and did not force her to testify. We find no abuse of discretion and affirm.

## CASE HISTORY

Sherri A. Allen, n/k/a Clark, and Eric A. Allen, parents of two girls, B.A. and K.A., were divorced in March 1998. Initially, the children resided with their mother. In September 2002, the girls began to live with their father after allegations made by Sherri against Eric proved unsubstantiated. Eric had made a motion to change custody, arguing that Sherri's repeated and unreasonable

denial and interference with his parenting time was a material change of circumstance compelling a change of custody. The court agreed.

After moving to Texas, Sherri moved the court to modify residential custody. The matter was set to be heard on October 30, 2003. She served a subpoena upon her 12-year-old daughter, B.A., directing her to appear before the court and testify, hoping that she would say that she wanted to live with her mom.

At the hearing on the motion to modify, Sherri argued that B.A. was available and should be called as a witness because "a lot" of the evidence she wished to present needed to come through B.A. Eric, opposed to calling B.A. to testify, requested the court to disqualify her as a witness because there was a reasonable basis to believe that she would be psychologically traumatized as a result of testifying, based on B.A.'s statements to her therapist. Eric proffered that B.A. was already undergoing psychological distress at the prospect of testifying.

The judge made the following statement in determining that B.A. should not be called as a witness:

"All right. Well, my consideration in this case, as in all custody cases, is the best interest of the child. And on this, specifically, it's the best interest of [B.A.]. But beyond that, I would state for the record, previously this morning Mr. Smith was given opportunity to visit with [B.A.]. And she indicated at that time to him, as reported back to me, she did not wish to testify. You add to that the evidence of the relationship that has been presented on the record and gone into great extent [sic] today by the petitioner. I feel, along with the psychological effects, that it will not be in [B.A.'s] best interest to testify. I don't think that her testimony would be a great assistance to the Court in deciding this case. And for that reason, I'm going to deny the respondent's request—or petitioner's request."

Despite the fact that B.A. was not called to the stand, Sherri presented evidence through letters and her own testimony that B.A. wished to reside with Sherri rather than with Eric and his wife.

B.A.'s therapist testified later at the hearing that B.A. was upset to the point of tears regarding the prospect of testifying in front of her parents and others. She said that it would not be healthy or appropriate for the child to make a decision about which parent

should have primary residential custody. The therapist stated that B.A. had met her downstairs in the courthouse and told her that she could not testify and could not make the decision.

At the close of the hearing, the court asked the parties to submit proposed parenting plans for its consideration. On November 14, 2003, the court ruled it was in the best interest of the children to deny Sherri's requested change in custody. The court ordered that the children would continue to make their primary physical residence with their father and that Sherri would have parenting time on extended weekends, specific holidays, part of summer break, and as agreed by the parties.

### NO ERROR IN REFUSING TO FORCE CHILD TO TESTIFY

Sherri argues that the district court lacked statutory authority to refuse her request to call B.A. as a witness, saying that B.A. was not disqualified. By arguing so, she ignores one of the reasons given by the district court in refusing to force B.A. to testify, and that is the relevancy of her testimony. The court took into account in its ruling not only the psychological effects on B.A. but that her testimony would not be of great assistance to the court.

Relevancy of evidence and its admission or exclusion is a matter that we review with an abuse of discretion standard. See *Moore v. Associated Material & Supply Co.*, 263 Kan. 226, 244, 948 P.2d 652 (1997).

The district court refused to call B.A. as a witness because she was upset at the possibility of having to choose between her parents on the stand in open court and her testimony was not necessary because there were sufficient evidentiary alternatives to her live testimony that had already been admitted through exhibits and testimony. Eric did not dispute Sherri's contention that B.A. had, at least on occasion, expressed a desire to reside with her mother.

In child custody matters, the testimony of the child in open court would not usually benefit the judge because the child would be under such pressure that the veracity of the testimony might be suspect and in many cases, such as this one, the child's testimony would be cumulative to other evidence received. See *Simon v.*

*Simon,* 260 Kan. 731, 740, 924 P.2d 1255 (1996) (even relevant evidence may be rejected if it is cumulative to other evidence).

Considering that B.A. had volunteered to her therapist and the attorneys representing her parents that she did not want to testify, B.A. was moved to tears when discussing the possibility of testifying, and her testimony would have been cumulative to the evidence admitted at the hearing, it cannot be said that the district court abused its discretion in refusing to allow B.A. to be called as a witness.

We have found no statute or Kansas cases dealing with a trial judge's authority to prevent a parent from calling a child as a witness in a custody dispute beyond the statutory provisions regarding the relevancy of evidence found in K.S.A. 60-401(b) and 60-407 or disqualification of a witness found in K.S.A. 60-417.

Other states have addressed this issue in the context of a parent attempting to call his or her child as a witness in a neglect proceeding or other civil proceeding concerned with the child's welfare. The recent case of *In re JAM. J.,* 825 A.2d 902 (D.C. 2003), reviewed the divergent views on this particular point as follows:

"Appellate court decisions from other jurisdictions offer us further guidance. Several state courts have addressed the scope of a parent's right to compel a child to testify in a neglect or other civil proceeding concerning that child's welfare when it is claimed that testifying would be contrary to the child's best interests. Broadly speaking, the decisions fall into two groups. Some courts have held that trial judges have no authority to preclude a child's otherwise competent testimony on the ground that testifying might injure the child. *See, e.g., Bebee v. Hargrove,* 607 So. 2d 1270, 1272 (Ala. Civ. App. 1992); *White v. White,* 655 N.E.2d 523, 529 (Ind. Ct. App. 1995); *In re Faircloth,* 137 N.C. App. 311, 527 S.E.2d 679, 683 (2000); *Callicott v. Callicott,* 364 S.W.2d 455, 458 (Tex. Ct. Civ. App. 1963). Other courts have held that judges do have the authority to subordinate the parent's interest and exclude a child's testimony when there is substantial evidence that the child would be harmed by having to testify. *See, e.g., In re Jennifer J.,* 8 Cal. App. 4th 1080, 10 Cal. Rptr. 2d 813, 819 (1992); *In re Brandon W.,* 56 Conn. App. 418, 747 A.2d 526, 531-32 (2000); *R.S.M. v. J.D.M.,* 542 S.W.2d 361, 363 (Mo. Ct. App. 1976); *In re Beasley,* 314 Or. 444, 840 P.2d 78, 84 (1992); *In re Child M.,* 452 Pa. Super. 230, 681 A.2d 793, 798 (1996)." 825 A.2d at 913.

We are persuaded that the *JAM. J.* court adopted the proper analysis by holding a trial court has power to protect a child from the harmful effects of forced testimony, although the court should use

the least restrictive means possible to do so. See 825 A.2d at 916-17.

We also note that if B.A.'s testimony to the judge was important, then why did Sherri not take advantage of K.S.A. 60-1614 and ask the judge to interview B.A. in chambers? Had Sherri taken advantage of the chambers interview, B.A. would have had the opportunity to discuss the matter with the judge while avoiding the psychological trauma of choosing one parent over the other parent in open court.

Affirmed.