ANTHONY S. NOVAK, TRUSTEE *v.* OMEGA PLASTICS
CORPORATION, INC.
(AC 19604)

Landau, Hennessy and Zarella, Js.

Argued June 9—officially released October 17, 2000

*Keith R. Ainsworth*, for the appellant (defendant).

*Michael S. Schenker*, with whom, on the brief, was *Dale H. King*, for the appellee (plaintiff).

*Opinion*

HENNESSY, J. In this contract action, the defendant, Omega Plastics Corporation, Inc. (Omega), appeals from the judgment rendered in favor of the plaintiff, Anthony S. Novak, trustee,[1] following a trial to the court. On appeal, Omega claims that the court improperly (1) determined that the account concerning the payment of commissions due "on the twentieth of the month following the sale" was a mutual and open account and (2) refused to impose the six year statute of limitations applicable to a simple account for commissions due. We reverse the judgment of the trial court.

The plaintiff, with the permission of the United States Bankruptcy Court for the District of Connecticut, commenced an action against Omega on April 3, 1996. The revised complaint, which is the operative complaint, alleged three counts against Omega sounding in breach of contract and unjust enrichment. In its answer, Omega

---

[1] The plaintiff is the trustee of the bankruptcy estate of Richard J. Ponzo.

alleged three special defenses: laches, the applicable statute of limitations, and accord and satisfaction.[2]

The following facts found by the court are necessary for our resolution of this appeal. On August 22, 1986, Richard J. Ponzo and Omega entered into a written agreement whereby Omega was to pay Ponzo a 5 percent commission on all sales of Omega's products that he made to certain customers in a specific geographical region. Pursuant to their agreement, Omega was to pay Ponzo's commission on the twentieth day of the month following the sale. Ponzo was a sales representative for Omega from August 22, 1986, through May 24, 1992, when Omega terminated the agreement.

Ponzo received commissions on sales to certain customers from May, 1989, through December 31, 1989. Omega then converted those particular customer accounts into "house accounts" and did not pay Ponzo $35,631.34 in commissions on the sales he made to those customers. In addition, Omega paid Ponzo only a 2.5 percent commission, rather than 5 percent, on sales to two customers from February 1, 1991, through June 30, 1991. Ponzo therefore was paid only one half of the $2846.94 commission that was owed to him. Omega also paid Ponzo a 5 percent commission on only 98 percent of the full value of other customer sales; the difference is $8074.20.

The court concluded that the account concerning Ponzo's commissions was not only an asset of Ponzo, but also an asset of Omega because Omega used the

---

[2] We look with disfavor on the manner in which Omega alleged its special defenses. Omega failed to allege its special defenses with reference to a specific count in the complaint as required by Practice Book § 10-51. Furthermore, Omega failed to identify the statute on which it was relying in alleging its statute of limitations special defense. Practice Book § 10-3 (a) provides in relevant part: "When any claim made in a . . . special defense . . . is grounded on a statute, the statute shall be specifically identified by its number."

account to charge back returns from customers, thus reducing the amount of Ponzo's commissions. The court also concluded that the statute of limitations did not start to run until Omega made its last payment to Ponzo, which occurred in 1991. The court awarded statutory interest in addition to the claimed damages and rendered judgment for the plaintiff in the amount of $78,852.53. We disagree with the characterizations and conclusions of the court.

Although Omega raises two claims on appeal, our resolution of the first claim is dispositive of the matter. The key to our resolution of this appeal is the character of the account relied on by the parties to calculate the commissions that Omega owed Ponzo, which is controlled by the agreement between Omega and Ponzo, not by the manner in which the monthly commission due was calculated. Contract interpretation is a question of law, and our review is plenary. *Empire Paving, Inc.* v. *Milford,* 57 Conn. App. 261, 265, 747 A.2d 1063 (2000); *Chance* v. *Norwalk Fast Oil, Inc.,* 55 Conn. App. 272, 280, 739 A.2d 1275, cert. denied, 251 Conn. 929, 742 A.2d 361 (1999); *Days Inn of America, Inc.* v. *161 Hotel Group, Inc.,* 55 Conn. App. 118, 124, 739 A.2d 280 (1999).

The agreement between Omega and Ponzo provided that Omega was to pay Ponzo his commission "at the rate of 5 percent . . . on the twentieth of the month following the sale." The agreement provided a time specific when Omega was to pay Ponzo. The account, therefore, was not open and running, as it had to be resolved every month. The fact that adjustments were made to the commission on the basis of charge-backs does not affect the fact that Omega was to discharge its debt to Ponzo for services rendered on the twentieth day of every month. The plaintiff does not claim that Omega did not pay on the twentieth day of the month; his dispute is with the amount of the payment. Ponzo's

cause of action accrued at the time he disputed the amount of his commission. The cause of action alleged, therefore, is one for breach of a simple contract. Consequently, the applicable statute of limitations is contained in General Statutes § 52-576 (a), which provides in relevant part: "No action for an account . . . or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

The facts here are similar to those in *Hitchcock* v. *Union & New Haven Trust Co.*, 134 Conn. 246, 56 A.2d 655 (1947), the only difference being in the time in which the employee was to be paid. "The action before us is clearly one upon a simple contract where the plaintiff has fully performed, and it falls fully within [§ 52-576 (a)]. So far as appears in the complaint, the plaintiff was employed for an indefinite time at a weekly wage, and each week constituted a new employment; *Mazzotta* v. *Mazzotta*, 121 Conn. 149, 152, 183 A. 408 [1936]; any recovery based on services performed by the plaintiff more than six years before the action was brought is barred. *Weadon* v. *First National Bank & Trust Co.*, 129 Conn. 541, 543, 29 A.2d 779 [1943]. As, however, upon the basis of the dates alleged in the complaint only a part of the period of the plaintiff's service was more than six years before the bringing of the action, the Statute of Limitations is not a complete defense." *Hitchcock* v. *Union & New Haven Trust Co.*, supra, 259.

Here, the plaintiff commenced the action on April 3, 1996, and alleged that Omega failed to pay Ponzo commissions due in 1990 through May 24, 1992. Section 52-576 bars some but not all of the plaintiff's claims.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.