GEORGE BATOR *v.* YALE-NEW HAVEN HOSPITAL
(AC 22691)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released November 12, 2002

*John R. Williams* filed a brief for the appellant (plaintiff).

*Margaret P. Mason* and *Paul L. Bader* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, George Bator, appeals from the judgment of the trial court rendered subsequent to its granting of the motion to strike filed by the defendant, Yale-New Haven Hospital. The issue in this action for intentional infliction of emotional distress is whether the court properly determined that the allega-

tions of the plaintiff's complaint fail to allege conduct on the part of the defendant that "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, 254 Conn. 205, 211, 757 A.2d 1059 (2000), quoting 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965). We affirm the judgment of the trial court and conclude that the plaintiff's complaint fails to allege conduct "that exceeds all bounds usually tolerated by decent society . . . ." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, supra, 210.

The complaint alleged that the plaintiff was employed by the defendant as a respiratory therapist in February, 1989. During the course of his employment, the defendant's agents, servants and employees subjected him to abusive and disparate treatment. Specifically, the plaintiff alleged, among other things, that his supervisor once scheduled him to report for duty when he was under a physician's care. When the plaintiff failed to report as scheduled, the supervisor recommended that he be disciplined. The plaintiff alleged further that he received less compensation than other, less experienced employees in his position. When a nurse accused the plaintiff of being rude to her, a supervisor falsely accused the plaintiff of endangering a patient's life. One of his supervisors suggested that the plaintiff seek psychiatric help when he complained about his schedule and assignments. Another of his supervisors recommended that the plaintiff attend anger management classes after he had a confrontation with a nurse. When the plaintiff complained about a change in his monthly rotation assignment, he was given a written warning. Following another verbal altercation with a nurse about a patient's care, the plaintiff's supervisor gave him a

final written warning for violence. The plaintiff further alleged that as a result of the alleged disparate treatment he received in the defendant's employ, he suffered severe emotional distress that he could no longer endure and resigned on March 28, 2001. The defendant filed a motion to strike the plaintiff's complaint.

Practice Book § 10-39 (a) provides in relevant part that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "[O]ur review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Jewish Home for the Elderly of Fairfield County, Inc.* v. *Cantore*, 257 Conn. 531, 538, 778 A.2d 93 (2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 215, 618 A.2d 25 (1992).

"In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) *Petyan* v. *Ellis*, 200 Conn. 243, 253,

510 A.2d 1337 (1986). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. *Bell* v. *Board of Education,* 55 Conn. App. 400, 410, 739 A.2d 321 (1999). Only where reasonable minds disagree does it become an issue for the jury. Id." *Appleton* v. *Board of Education,* supra, 254 Conn. 210.

On the basis of our plenary review of the plaintiff's complaint, taking the facts together or in isolation, we cannot say that this case is "one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' . . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citation omitted; internal quotation marks omitted.) Id., 211.

The judgment is affirmed.