MICHAEL TRACY *v.* NEW MILFORD PUBLIC SCHOOLS ET AL.
(AC 27308)

Flynn, C. J., and Harper and Lavine, Js.

Argued March 19—officially released June 5, 2007

*David V. DeRosa*, for the appellant (plaintiff).

*Mark J. Sommaruga*, for the appellees (defendants).

*Opinion*

LAVINE, J. The Connecticut Fair Employment Practices Act (act), General Statutes § 46a-51 et seq., provides a statutory remedy for an employee who claims to have been discharged on the basis of a discriminatory employment practice. See General Statutes § 46a-82. A plaintiff who brings an action in the trial court under General Statutes § 46a-100 must allege compliance with the statutory remedy sufficiently to withstand a motion to strike.

In this case, the plaintiff, Michael Tracy, appeals from the judgment rendered by the trial court subsequent to its granting a motion to strike all three counts of the complaint filed by the defendants, New Milford public schools (school system), Raymond E. Avery, superintendent, and John Calhoun, director of environmental services. On appeal, the plaintiff claims that the court improperly granted the motion to strike as to (1) count one alleging discriminatory discharge from employment, (2) count two alleging intentional infliction of emotional distress and (3) count three alleging negligent infliction of emotional distress. We affirm the judgment of the trial court.

The plaintiff commenced the action against the defendants by writ of summons and complaint served on April 24, 2003. The plaintiff pleaded the following allegations. In count one, the plaintiff alleged that he had been employed by the school system as a custodian from September 1, 1987, until his employment was terminated on May 7, 2001, in violation of General Statutes § 46a-60 (a) (4).[1] He further alleged that Calhoun conspired with Avery to harass him by carrying out a pattern of conduct, including the denial of a position, initiating disciplinary actions without proper investigation, defamation of character and intimidation and that their conduct was wilful, wanton and malicious. In count two, the plaintiff alleged that the defendants' conduct constituted intentional infliction of emotional distress. In count three, the plaintiff alleged that the defendants' conduct constituted negligent infliction of emotional distress. The plaintiff sought compensatory

[1] General Statutes § 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section . . . (4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory employment practice or because such person has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84 . . . ."

damages, punitive damages and reasonable attorney's fees. On June 26, 2003, the defendants filed a motion to strike all three counts of the complaint. The court granted the motion on June 30, 2005. The plaintiff failed to plead over pursuant to Practice Book § 10-44, and the court rendered judgment on the defendants' motion for judgment on January 6, 2006. This appeal followed.

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading . . . ." Practice Book § 10-39 (a). "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Sullivan* v. *Lake Compounce Theme Park, Inc.*, 277 Conn. 113, 117–18, 889 A.2d 810 (2006).

## I

The plaintiff claims that the court improperly granted the defendants' motion to strike the first count of the complaint on the ground that he failed to pursue the statutory remedy available to him. We disagree.

In count one of his complaint, entitled "public policy wrongful discharge," the plaintiff alleged that the defendants wrongfully discriminated against him in a variety of ways[2] and terminated his employment in violation

---

[2] The plaintiff alleged that he was denied a promotional opportunity on November 1, 2000, denied a request to enroll in a computer class to increase his opportunities for upward mobility on March 19, 2001, was subject to

of § 46a-60 (a) (4). The defendants moved to strike count one because the plaintiff failed to pursue the available statutory remedy, citing case law in support thereof. The plaintiff objected to the motion to strike, claiming that in count one he had alleged essentially two causes of action: first, that the defendants had terminated his employment in violation of public policy against conspiracy, fraud, defamation and harassment, and second, that they had violated § 46a-60 (a) (4); in other words, common-law and statutory causes of action.[3]

The court found that the essential allegation of the first count was stated in paragraph seven, to wit, "[o]n May 7, 2001, the plaintiff was summarily terminated from his employment in violation of § 46a-60 (a) (4)." The court also found that the plaintiff had failed to file a complaint with the commission on human rights and opportunities (commission). The court concluded, on the basis of *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 159–61, 745 A.2d 178 (2000), that the public policy exception to the general rule barring wrongful discharge claims by at-will employees is not available if the employee has an adequate statutory remedy and that the plaintiff could not sue the defendants for wrongful discharge on the basis of a public policy violation of § 46a-60 (a) (4) when he failed to take advantage of the remedy provided by the act.

On appeal, the plaintiff claims that the court improperly granted the motion to strike as to the first count of his complaint because (1) the court's determination that he had not filed a complaint with the commission had no factual basis in the record and (2) to the extent that the court's decision was based on a lack of subject

discipline on April 20, 2000, without proper investigation and was threatened with discharge from employment for having filed a grievance.

[3] See Practice Book § 10-26 concerning separate counts of a complaint.

matter jurisdiction, the statutory framework of the act operates as a time bar that must be pleaded as a special defense. Our review of the court's memorandum of decision discloses that the court struck count one because it failed to allege a necessary predicate fact. Subject matter jurisdiction was not the basis of the court's decision to grant the motion to strike.

The sum and substance of the plaintiff's claim is that the court improperly struck the first count because he, in fact, had pursued the statutory remedy under the act, and he included certain documents to that effect in the appendix to his appellate brief. When this court reviews a challenge to a motion to strike, "[w]e take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder." (Internal quotation marks omitted.) *Greco v. United Technologies Corp.*, 277 Conn. 337, 347, 890 A.2d 1269 (2006). Our plenary review of the plaintiff's complaint discloses that he did not allege that he had complied with the statutory remedy provisions of the act.

In the absence of an allegation that the plaintiff pursued his statutory rights with the commission, that factual predicate was not before the trial court. On appeal, the plaintiff has taken the position that he has letters from the commission releasing him to bring an action in the trial court, but because the defendants filed a motion to strike, the court was prohibited from considering facts outside the pleadings. The plaintiff misconstrues the necessity for fact pleading in our courts. As our standard of review provides, a motion to strike will be denied if the allegations of the complaint, if proven,

would support a cause of action. Denial of a motion to strike is not tantamount to proof of the plaintiff's allegations but gives him the right to proceed to trial if there are genuine issues of material fact at issue.

"[A] motion to strike is essentially a procedural motion that focuses solely on the pleadings. . . . It is, therefore, improper for the court to consider material outside of the pleading that is being challenged by the motion." (Citation omitted.) *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 271–72, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005). Nonetheless, "[a]ny plaintiff desiring to make a copy of any document a part of the complaint may, without reciting it or annexing it, refer to it as Exhibit A, B, C, etc., as fully as if it had been set out at length; but in such case the plaintiff shall serve a copy of such exhibit or exhibits on each other party to the action forthwith upon receipt of notice of the appearance of such party and file the original or copy of such exhibit or exhibits in court with proof of service on each appearing party. . . ." Practice Book § 10-29 (a). "A complaint includes all exhibits attached thereto." *Dlugokecki* v. *Vieira*, 98 Conn. App. 252, 258 n.3, 907 A.2d 1269, cert. denied, 280 Conn. 951, 912 A.2d 483 (2006).

Our review of the record discloses that the plaintiff did not avail himself of our rules of practice by which he could have remedied the omission in his complaint. Practice Book § 10-44 provides in relevant part that "[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ." After the court granted the defendants' motion to strike, the plaintiff failed to replead count one to include the absent factual allegations concerning the commission and to attach a copy of the commission's letter releasing him to commence an action in the trial court. If a party fails to file a new pleading and the court has stricken the entire complaint

in the time provided, the court may grant a motion for judgment against the party whose complaint was stricken. Practice Book § 10-44.

## II

The plaintiff's second claim is that the court improperly granted the defendants' motion to strike count two of the complaint, which alleged intentional infliction of emotional distress, because it adequately alleged facts constituting extreme and outrageous conduct beyond the act of discharging him from employment. We do not agree.

In count two, the plaintiff incorporated the allegations of the first count and alleged that the defendants' conduct was extreme and outrageous and that they knew, intended, or should have known that emotional distress was likely to result. He also alleged that the defendants' acts were done with malice and in reckless disregard of his state protected rights. The plaintiff alleged that he sustained injuries and was embarrassed to such a degree as to cause him extreme anxiety, sleeplessness, worry, personal and professional humiliation and other physical and emotional distress.

In their motion to strike count two, the defendants set forth the elements of a cause of action sounding in intentional infliction of emotional distress and argued that the alleged acts of the defendants did not rise to the level of extreme and outrageous conduct calculated to cause mental distress of a serious nature. See *Petyan* v. *Ellis*, 200 Conn. 243, 254 n.5, 510 A.2d 1337 (1986). In his objection, the plaintiff argued that it was not the defendants' discharging him that was extreme and outrageous[4] but that they harassed, intimidated and

---

[4] In essence, the plaintiff conceded, as he must, that termination of at-will employment cannot sustain a claim for intentional infliction of emotional distress. See *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 88–89, 700 A.2d 655 (1997).

defamed him in the workplace and disciplined him without conducting a proper investigation.

The court granted the motion to strike after concluding that the allegations in count two did not rise to the level of extreme and outrageous as defined in the case law. The court found that all of the alleged harassment to which the defendants allegedly conspired could be considered insufficient as a matter of law, except the allegation in paragraph eight that "Calhoun, conspired with . . . Avery, to harass the plaintiff by agreeing and carrying out a pattern of conduct including . . . fabricating disciplinary actions . . . as more particularly described herein." The more particular description found by the court was contained in paragraph twelve: "On or about April 20, 2000, without proper investigation, the plaintiff was subjected to discipline for three . . . alleged acts of misconduct." The court concluded that "[s]ubjecting an employee to discipline without proper investigation [was] a far cry from 'fabricating disciplinary actions' or from extreme and outrageous conduct," and that it was "akin to other employment related allegations [that] have been held to be insufficient to be extreme and outrageous."

"[T]o prevail in a case for liability under a theory of intentional infliction of emotional distress, the plaintiff must plead and prove four elements. It must be shown: (1) that the [defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for

the jury. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . [I]t is the intent to cause injury that is the gravamen of the tort . . . ." (Citations omitted; internal quotation marks omitted.) *Wilson* v. *Jefferson,* 98 Conn. App. 147, 159–60, 908 A.2d 13 (2006). "[I]n assessing a claim for intentional infliction of emotional distress, the court performs a gatekeeping function. In this capacity, the role of the court is to determine whether the allegations of a complaint . . . set forth behaviors that a reasonable fact finder could find to be extreme or outrageous. In exercising this responsibility, the court is not fact finding, but rather is making an assessment whether, as a matter of law, the alleged behavior fits the criteria required to establish a claim premised on intentional infliction of emotional distress." (Internal quotation marks omitted.) *Gagnon* v. *Housatonic Valley Tourism District Commission,* 92 Conn. App. 835, 847, 888 A.2d 104 (2006).

On appeal, the plaintiff argues that in pleading his case, all he was required to do was allege facts that form the basis of his claim and that during trial, he could develop those facts to their full extent to demonstrate that the defendants' conduct was extreme and outrageous. He also refers to other paragraphs in the complaint that allege conduct on the part of the defendants that he claims was extreme and outrageous. We are not persuaded by the plaintiff's arguments because when the allegations of count two are read in the light most favorable to him, they do not rise to the level of extreme and outrageous conduct.

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) *Little* v. *Yale*, 92 Conn. App. 232, 239–40, 884 A.2d 427 (2005), cert. denied, 276 Conn. 936, 891 A.2d 1 (2006). On the basis of this standard, we agree with the court that the allegations of the plaintiff's second count with respect to the defendants' conduct do not reach the articulated standard and that the trial court's conclusion is consistent with the decisions of this court and our Supreme Court in cases of employment termination. See, e.g., *Appleton* v. *Board of Education*, 254 Conn. 205, 210–12, 757 A.2d 1059 (2000) (principal's making condescending comments in front of colleagues, questioning plaintiff's vision and ability to read, telephoning daughter to say plaintiff acting differently and asking police to escort plaintiff from school not intentional infliction of emotional distress); *Petyan* v. *Ellis*, supra, 200 Conn. 254 (stating reason for terminating employment, mainly for fraud and lying, on form for unemployment compensation not extreme and outrageous, as employer was exercising legal right).

## III

The plaintiff's third claim is that the court improperly granted the motion to strike count three. The claim lacks merit.

In count three of his complaint, the plaintiff incorporated by reference the paragraphs of count one and

also alleged: "18. [The defendants'] statements and termination of employment of the plaintiff were negligent acts which a reasonable person would have known would cause humiliation, pain and emotional distress upon the plaintiff. 19. [The defendants'] conduct, including, but not limited to the above, did cause the plaintiff severe humiliation, pain and financial loss." The defendants argued that the count should be stricken because the plaintiff failed to allege egregious conduct on the part of the defendants as a matter of law. In objecting to the motion to strike, the plaintiff again conceded that mere termination of employment is not extreme and outrageous but argued that it was the defendants' behavior during the process of terminating his employment that gave rise to the claim. The court, citing *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 88–89, 700 A.2d 655 (1997), granted the motion to strike, stating that "mere termination of employment, even where it is wrongful, is not by itself, enough to sustain a claim for negligent infliction of emotional distress."

On appeal, the plaintiff claims that the court failed to consider the allegations of the entire complaint and to consider properly his allegations of the defendants' conspiracy to harass him and that the allegations of count three are sufficient to withstand the test enunciated in *Perodeau* v. *Hartford*, 259 Conn. 729, 792 A.2d 752 (2002). We do not agree.

"[I]n cases where the employee has been terminated, a finding of a wrongful termination is neither a necessary nor a sufficient predicate for a claim of negligent infliction of emotional distress. The dispositive issue in each case [is] whether the defendant's conduct during the termination process was *sufficiently wrongful* that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that [that] distress, if it were caused, might result in illness or bodily harm." (Emphasis in original;

internal quotation marks omitted.) Id., 751; *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683, 513 A.2d 66 (1986); *Montinieri* v. *Southern New England Telephone Co.*, 175 Conn. 337, 345, 398 A.2d 1180 (1978).

On the basis of our plenary review of count three of the plaintiff's complaint, it is not clear to us what conduct on the part of the defendants constituted an unreasonable risk of causing emotional distress in the discharge process. In paragraph seven, the plaintiff alleges that his employment was terminated summarily on May 7, 2001. The plaintiff alleges that within about six months of his discharge the defendants denied his request to enroll in a computer course on March 19, 2001, denied his request for a lateral transfer on April 9, 2001, and on November 1, 2000, denied him a promotional opportunity. It is not clear to us how those allegations were part of the process by which the defendants terminated the plaintiff's employment. They appear to be nothing more than ordinary personnel decisions any employee might encounter in an ongoing employment relationship. What was arguably the worst conduct on the part of the defendants was set forth in paragraph twelve, in which the plaintiff alleged that almost one full year prior to his discharge, he was subjected to discipline for three acts of alleged misconduct without proper investigation. Many employees are subject to discipline, even unfairly, but there is nothing in the complaint that connects the alleged discipline that occurred in 2000 with the discharge process, which occurred almost one year later, that he alleges was the cause of his emotional distress.

Our Supreme Court has considered "the normal expectations of individuals in the context of an ongoing employment relationship. It is clear that such individuals reasonably should expect to be subject to routine employment-related conduct, including performance evaluations, both formal and informal; decisions related

to such evaluations, such as those involving transfer, demotion, promotion and compensation; similar decisions based on the employer's business needs and desires, independent of the employee's performance; and disciplinary or investigatory action arising from actual or alleged employee misconduct. In addition, such individuals reasonably should expect to be subject to other vicissitudes of employment, such as workplace gossip, rivalry, personality conflicts and the like.

"Thus, it is clear that individuals in the workplace reasonably should expect to experience some level of emotional distress, even significant emotional distress, as a result of conduct in the workplace. There are few things more central to a person's life than a job, and the mere fact of being demoted or denied advancement may be extremely distressing. That is simply an unavoidable part of being employed." *Perodeau* v. *Hartford*, supra, 259 Conn. 757.

For the reasons stated, we conclude that the court properly granted the defendants' motion to strike all counts of the complaint.

The judgment is affirmed.

In this opinion the other judges concurred.