MEMORANDUM OF DECISION ON MOTION TO STRIKE

JANE W. FREEMAN, Judge.
The Mohegan Tribe Election Committee and The Mohegan Tribe of Indians of Connecticut (“defendants”) have moved to strike the complaint pursuant to the Mohegan Rules of Civil Procedure (“MRCP”) § 22, for failure to state a claim upon which relief can be granted. The plaintiff alleges in his complaint that Section 1-212(a)(2) of the Election Code [1] is unconstitutional because it conflicts with his rights under Article XII, § 1 of the Mohegan Constitution. The defendants contend that Section l-212(a)(2) of the Election Code mirrors and implements the provisions in Article XII, §§ 1, 2 and 3 of the Mohegan Constitution so that the complaint fails to state a claim on which relief can be granted. Based on this claim, the defendants ask the Court to strike the entire complaint because it fails to state a claim upon which relief may be granted.
I. THE MOTION TO STRIKE PURSUANT TO MRCP § 22
MCRP § 22.a. provides in relevant part that, “A motion to strike may be filed by any party to contest: (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim or any count thereof for failure to state a claim upon which relief can be granted; ...” The purpose of a motion to strike “is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted.” (Internal quotation marks omitted). Fort Trumbull Conservancy, LLC v. Alves, 262 Conn. 480, 498, 815 A.2d 1188 (2003). In ruling on a motion to strike, the trial court must “examine the [complaint], construed in favor of the [plaintiff], to determine whether [the pleading party has] stated a legally sufficient cause of action.” (Internal quotation marks omitted). Dodd. v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). On a motion to strike the court is limited to the facts alleged in the complaint. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). However, the court may consider exhibits attached to the complaint, because a complaint includes all exhibits attached thereto. Tracy v. New Milford, 101 Conn. *332 App. 560, 566, 922 A.2d 280, cert. denied, 284 Conn. 910, 931 A.2d 935 (2007). “... [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied.” Pamela B. v. Merit, 244 Conn. 296, 308, 709 A.2d 1089 (1998). On the other hand, where it is apparent on the face of a complaint that no legal relief may be granted, a motion to strike is the proper procedure to attack the legal sufficiency of the complaint. Violano v. Fernandez, 280 Conn. 310, 321, 907 A.2d 1188 (2006).
II. BACKGROUND
The plaintiff alleges that the Tribal Council adopted a Freedom of Information ordinance which was later rescinded on March 18, 2009 (complaint attachment). In ruling on a motion to strike, the Court must take the facts pleaded in the complaint as true. St. Denis v. de Toledo, 90 Conn.App. 690, 691, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005). He further alleges that within seven (7) days of the Tribal Council’s rescission on March 18, 2009, he submitted Petition 2009-2 (“Petition”) to enact an ordinance pertaining to Freedom of Information (complaint attachment). At oral argument, the plaintiff, who proceeded pro se, stated that he was proposing a new ordinance in the Petition (emphasis added). The Court will treat the plaintiffs statement as a judicial admission. O & G Industries, Inc. v. All Phase Enterprises, Inc. 112 Conn.App. 511, 524, 963 A.2d 676 (2009) (holding that the determination of whether a party’s statement is a judicial admission or an evidentiary admission is a question of fact for the trial court). “Judicial admissions are voluntary and knowing concessions of fact by a party or the party’s attorney during the course of the judicial proceeding ...” McFarland v. Dept. of Development Services, 115 Conn.App. 306, 317, 971 A.2d 853, cert. denied, 293 Conn. 919, 979 A.2d 490 (2009). Judicial admissions can be oral concessions by a party or attorney. King v. Spencer, 115 Conn. 201, 204, 161 A. 103 (1932). At the hearing on the motion to strike, defendants’ counsel argued that plaintiffs Petition had nothing to do with the Tribal Council’s rejection or rescission of the Freedom of Information ordinance on March 18, 2009; that plaintiff was not asking the Tribal Council to rescind its rescission action; and that the plaintiffs Petition was an initiative for a new ordinance (emphasis added). In response to the Court’s inquiry whether the plaintiff had proposed a new ordinance in the Petition, the plaintiff unequivocally responded in the affirmative. The Court therefore holds that the plaintiffs admission was voluntary, knowing and binding upon the plaintiff as a judicial admission.
The plaintiff submitted his Petition to the Election Committee on March 25, 2009 (complaint, paragraph 1), which was within seven (7) days of the Tribal Council’s rescission of the Tribe’s Freedom of Information ordinance on March 18, 2009. The Election Committee thereafter rejected the Petition (complaint attachment). In its reasons, the Election Committee quoted the texts of Article XII, §§ 1 and 2 of the Mohegan Constitution and noted that the actual intent and interpretation of Section 1 was unclear to the Committee because of the text of Section 2. The Election Committee also quoted the text of Section 1-212(a)(2) of the Election Code and determined that “[w]e are bound by the provisions of the Election Code as stated above under Section 1-212, which matches the intent and purposes under Section 2 of Article XII of the Mohegan Tribe Constitution.” (complaint attachment).
III. DISCUSSION
The sole legal claim in the plaintiffs complaint is that the provision in *333 Section l-212(a)(2) of the Election Code that “any petition to propose ... ordinances and resolutions ... requires the verified signatures of at least forty percent (40%) of the registered votes of The Tribe,” is unconstitutional, because it conflicts with Article XII, § 1 of the Mohegan Constitution. The defendants contend (1) that because the plaintiff has proposed a new ordinance (emphasis added), the applicable constitutional provision is in Article XII, § 2 not in Article XII, § 1; and (2) that the plaintiff has erroneously interpreted Article XII, § 1 in isolation, without consideration of the other provisions in Article XII, §§ 2, 3, 4 and 5. Article XII, §§ 1, 2 and 3, provide as follows:
Section 1. [Power to Petition.]
The members of The Tribe reserve to themselves the power to propone ordinances and resolutions and to enact or reject the same at the polls independent of The Tribal Council upon petition of thirty-five (35) of the registered voters within seven (7) days of such action.
Section 2. [Specific Rights Under Petition.]
Forty percent (40%) of the registered voters shall:
(a) have the right by petition to initiate and propose amendments to this Constitution and to propose ordinances and resolutions; and
(b) have the right by petition to force the conduct of a referendum on any subject of concern to the members of The Tribe, excepting the question of recall of the elected tribal officials which shall be governed by the provisions of Article VIII.
Section 3. [Date of Election.]
Upon receipt of a petition for an initiative or referendum election, The Tribal Council shall, after ascertaining that forty percent (40%) of the registered voters have signed the petition, cause to be held an election on the question within sixty days of receipt of said petition.
(Emphasis added).
The plaintiffs argument that his Petition complied with the requirements of Article XII, § 1 of the Constitution,[2] so that he was entitled to have it submitted to a referendum, has no merit. His proposed interpretation of Article XII, § 1 is contrary to well settled rules of constitutional construction. Firstly, the plaintiff construes Article XII, § 1 in isolation and ignores the requirements in both Article XII, §§ 2 and 3 that the signatures of 40% of the registered voters are required to propose ordinances (emphasis added). The plaintiffs construction would make the foregoing provisions in Article XII, §§ 2 and 3 superfluous. “In expounding the Constitution ... every word must have its due force and appropriate meaning; for it is evident from the whole instrument, that no word was unnecessarily used or needlessly added.” Wright v. U.S., 302 U.S. 583, 588, 58 S.Ct. 395, 82 L.Ed. 439 (1938). Secondly, the plaintiffs proposed construction of Article XII, § 1 fails to take into account that Article XII, § 1 and Article XII, § 2 address a similar subject matter, but must have a different meaning. “When two parts of a [constitutional] provision use different language to address the same or similar subject matter, a difference in meaning is assumed.” Harmelin v. Michigan, 501 U.S. 957, 978, n. 9, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).
*334 The defendants’ construction of Article XII, §§ 1, 2 and 3 is consistent with these rules of constitutional construction. The final clause in Article XII, § 1 which provides that the petition must be filed “within seven (7) days of such action” would make no sense unless the “such action” phrase referred to some previous action taken by the Tribal Council. In addition, the first clause in Article XII, § 1 which provides that “[t]he members ... reserve to themselves the power to propose ordinances and resolutions and to enact or reject the same ...” (emphasis added) specifies the two actions which tribal members can take after the Tribal Council has taken action (i.e. “such action”). If the Tribal Council has enacted an ordinance or resolution, then Article XII, § 1 permits tribal members to reject such ordinance or resolution upon petition of 35-registered voters within 7 days of such enactment; on the other hand, if the Tribal Council has rejected an ordinance or resolution, then upon petition of 35-registered votes within 7 days of such rejection, tribal members may enact such ordinance or resolution. The plaintiff, however, petitioned to enact a new ordinance; he did not propose to overrule the Tribal Council’s action by either rejecting such action or enacting the ordinance which had been rescinded. Because the plaintiffs Petition was totally unrelated to any previous action taken by the Tribal Council, the provisions of Article XII, § 1 of the Mohegan Constitution are inapplicable to the plaintiffs Petition.
Article XII, §§ 2 and 3 of the Constitution set forth a separate procedure when there is a petition seeking the enactment of a new ordinance, rather than a petition filed in response to prior action taken by the Tribal Council. Section 2 provides that 40% of the registered voters shall have the right to “initiate and propose ... ordinances and resolutions” and by petition “to force the conduct of a referendum on any subject of concern to the members of The Tribe ...” Section 3 requires that the Tribal Council hold an election upon receipt of a petition for a new ordinance only “after ascertaining that forty percent (40%) of the registered voters have signed the petition ...” Section 1-212(a)(2) of the Election Code simply implements these two different procedures provided for in the Constitution.
The Election Committee’s decision to reject the plaintiffs Petition based on Section l-212(a)(2) of the Election Code and Article XII, § 2 of the Constitution was correct. Because the plaintiff had proposed a new ordinance (emphasis added), Article XII, § 1 was inapplicable to his Petition; by its terms, Article XII, § 1 applies only to petitions seeking to overturn previous Tribal Council action either adopting or rejecting an ordinance or resolution.
The plaintiff cannot prevail on his claim that Section 1—212(a)(2) of the Election Code is unconstitutional and therefore the motion to strike is granted for failure to state a claim upon which relief may be granted.

. “Required Signatures. For any petition to reject ordinances or resolutions duly adopted by The Tribe requires petition of thirty-five (35) registered voters of The Tribe at the time the petition is filed with the Election Committee, and such petition must be filed within seven (7) days of the adoption of such ordinance or resolution in accordance with procedures set forth herein. For any petition to propose amendments to the Constitution, proposed ordinances and resolutions, or otherwise petition to force the conduct of a referendum on any subject or concern to the members of The Tribe requires the verified signatures of at least forty percent (40%) of the registered voters of The Tribe at the time the petition is filed with the Election Committee.”

. That is, he filed the "petition of thirty-five (35) of the registered voters within seven (7) days of such action"