ROBERT J. CASSOTTO *v.* GLEN AESCHLIMAN
(AC 32263)

Lavine, Bear and Dupont, Js.

Argued February 14—officially released July 19, 2011

*John R. Williams*, for the appellant (plaintiff).

*Nicole M. Rothgeb*, with whom, on the brief, was *Gregg D. Adler*, for the appellee (defendant).

*Opinion*

BEAR, J. The plaintiff, Robert J. Cassotto, appeals from the judgment of the trial court rendered in favor of the defendant, Glen Aeschliman. On appeal, the plaintiff

claims that the court improperly struck his complaint in its entirety. We affirm the judgment of the trial court.

The plaintiff commenced this action on or about December 23, 2008. By way of a revised one count complaint,[1] the plaintiff alleged the following relevant facts: "3. On or about August 15, 2005, the defendant falsely and maliciously told the plaintiff that the plaintiff's supervisor had directed that the plaintiff need not call in if he expected to be late for work, thereby placing the plaintiff at risk of violating work rules at his place of employment.

"4. Between November 17, 2005, and November 25, 2005, the precise date or dates being unknown to the plaintiff at this time, the defendant stated to third persons, whose identities are not presently known to the plaintiff, that the plaintiff had engaged in outbursts and irrational behavior. The defendant knew such statements were false.

"5. On or about September 20, 2006, the defendant became violently angry at the plaintiff, causing the plaintiff to fear for his physical safety."

The revised complaint further alleged that such actions were extreme and outrageous and were "carried out with the knowledge and the intention that [they] would cause the plaintiff to suffer emotional distress" and, consequently, "the plaintiff suffered severe emotional distress."

On May 28, 2009, the defendant filed a motion to strike the revised complaint, arguing that the plaintiff's allegations were legally insufficient to state a cause of action for intentional infliction of emotional distress because the alleged actions did not constitute extreme

---

[1] The defendant filed a request to revise the original complaint on or about March 16, 2009. The plaintiff then filed a revised complaint on May 11, 2009.

and outrageous conduct as a matter of law. On September 2, 2009, the court, *Roche, J.*, granted the defendant's motion to strike the one count revised complaint and stated in its memorandum of decision that the plaintiff's allegations "simply do not, as a matter of law, constitute behavior that is so outrageous and extreme as to go beyond all possible bounds of decency, and cannot be regarded as atrocious and utterly intolerable in a civilized community."

On March 1, 2010, the plaintiff filed an amended revised complaint that contained allegations substantively identical to those allegations that had been previously set forth in his revised complaint, with an additional allegation that: "6. On or about May 22, 2008, the defendant threatened to kill the plaintiff, looking directly at the plaintiff and stating: 'Bang. Bang.' "[2]

On March 12, 2010, the defendant filed a motion to strike the amended revised complaint on the grounds that, even with the additional allegation, the complaint failed to plead facts establishing extreme and outrageous conduct. On March 30, 2010, the court, *Shaban*,

---

[2] The defendant notes that the incidents alleged in paragraphs three and four of the complaint occurred in August and November, 2005, respectively. The defendant argues that, because the alleged incidents occurred more than three years before the plaintiff commenced the action, they are untimely. See, e.g., *DeCorso* v. *Watchtower Bible & Tract Society of New York, Inc.*, 78 Conn. App. 865, 873, 829 A.2d 38 (no recovery in tort for alleged actions that occurred more than three years prior to suit), cert. denied, 266 Conn. 931, 837 A.2d 805 (2003); *Novak* v. *Omega Plastics Corp.*, 60 Conn. App. 424, 428, 760 A.2d 137 (no recovery in contract for services performed more than six years before action brought), cert. denied, 255 Conn. 910, 763 A.2d 1035 (2000). The defendant raised this issue in a footnote in the memorandum in support of his March 12, 2010 motion to strike. In granting the defendant's March 12, 2010 motion, the court did not address whether the allegations were untimely. Because we determine that all the allegations, when taken together, do not amount to extreme and outrageous conduct on the part of the defendant, we need not address this issue. We note, however, that "[t]he special defense of a time bar is appropriately the basis of a motion for summary judgment if the statute of limitations has, in fact, run." *DeCorso* v. *Watchtower Bible & Tract Society of New York, Inc.*, supra, 873.

*J.*, issued an order granting the motion to strike, stating that "[t]he allegations as amended do not rise to the level of extreme and outrageous conduct." On April 15, 2010, the defendant filed a motion for judgment, which was granted by the court. See Practice Book § 10-44. This appeal followed.

On appeal, the plaintiff claims that the court erred in holding that, as a matter of law, that the conduct alleged in the amended revised complaint could not be considered "extreme and outrageous." We disagree.

We begin by setting forth our standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . In an appeal from the granting of a motion to strike, we must read the allegations of the complaint generously to sustain its viability, if possible . . . . We must, therefore, take the facts to be those alleged in the complaint that has been stricken and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Melanson* v. *West Hartford*, 61 Conn. App. 683, 687, 767 A.2d 764, cert. denied, 256 Conn. 904, 772 A.2d 595 (2001).

"In order to prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) *Stancuna* v. *Schaffer*, 122 Conn. App. 484, 491–92, 998 A.2d 1221 (2010). "Liability has been found only where the conduct has been so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965).

"Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Internal quotation marks omitted.) *Gagnon* v. *Housatonic Valley Tourism District Commission*, 92 Conn. App. 835, 846, 888 A.2d 104 (2006). "[I]n assessing a claim for intentional infliction of emotional distress, the court performs a gatekeeping function. In this capacity, the role of the court is to determine whether the allegations of a complaint . . . set forth behaviors that a reasonable fact finder could find to be extreme or outrageous." (Internal quotation marks omitted.) Id., 847.

The plaintiff alleges that the defendant (1) deliberately misinformed the plaintiff about a directive from his superior, thereby placing him at risk of violating work rules; (2) falsely reported to others, whose identities are unknown to the plaintiff, that the plaintiff engaged in outbursts and irrational behavior; (3) became "violently angry" at the plaintiff such that he feared for his physical safety; and (4) on one occasion "look[ed] directly at the plaintiff and stat[ed]: 'Bang. Bang.' "[3]

---

[3] In his amended revised complaint, the plaintiff alleges that this statement constitutes a threat to kill the plaintiff. We note that a motion to strike "admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." (Emphasis in original.) *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985).

Taking the facts as alleged in the amended revised complaint, we conclude that the defendant, over a period of nearly three years, engaged in four incidents of alleged inappropriate conduct that were upsetting to the plaintiff, but the allegations of such conduct do not rise to the level of extreme and outrageous behavior. "Although the defendants' alleged behavior no doubt was hurtful and distressing to the plaintiff, plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind." (Internal quotation marks omitted.) *Davis* v. *Davis*, 112 Conn. App. 56, 67, 962 A.2d 140 (2009).

Our Supreme Court and this court previously have held that allegations of similar conduct are not extreme and outrageous. See, e.g., *Morrissey* v. *Yale University*, 268 Conn. 426, 428, 844 A.2d 853 (2004) (plaintiff's co-worker and co-worker's boyfriend made insulting and derogatory comments to plaintiff and, on one occasion, defendant pointed at plaintiff and said: " '[s]ooner or later I'm going to kick your fucking ass' "); *Appleton* v. *Board of Education*, 254 Conn. 205, 211, 757 A.2d 1059 (2000) (defendant supervisors' conduct not extreme and outrageous where, inter alia, they made condescending comments about plaintiff in front of colleagues, asked police to escort her from work and suspended her); *Gillians* v. *Vivanco-Small*, 128 Conn. App. 207, 213, 15 A.3d 1200 (2011) (claim that "defendants vindictively conspired to terminate the plaintiff's employment" not sufficient to allege extreme and outrageous conduct); *Tracy* v. *New Milford Public Schools*, 101 Conn. App. 560, 922 A.2d 280 (conduct not outrageous where supervisor conspired with superintendent in pattern of harassment including denial of position, initiating disciplinary actions without proper investigation, defamation of character and intimidation), cert. denied, 284 Conn. 910, 931 A.2d 935 (2007); *Bator* v.

*Yale-New Haven Hospital,* 73 Conn. App. 576, 577, 808 A.2d 1149 (2002) (plaintiff alleged that he was required to report for duty when under physician's care, was recommended for discipline when he failed to report and person in authority falsely accused him of serious misconduct and of endangering patient's life), cert. denied, 279 Conn. 903, 901 A.2d 1225 (2006); *Dollard v. Board of Education,* 63 Conn. App. 550, 552–53, 777 A.2d 714 (2001) (supervisors engaged in concerted and successful plan to force plaintiff to resign by hypercritically examining her professional and personal conduct, transferring her involuntarily, placing her under intensive supervision and publicly admonishing her); *Davis v. Davis,* supra, 112 Conn. App. 59–60 (former husband made repeated angry and hostile threats that he would have police evict plaintiff from their former marital residence, and defendant and new spouse gained access to the residence when plaintiff was not home and changed locks so that plaintiff had to telephone police to regain entry).[4]

The occurrences alleged by the plaintiff may very well have been distressing and hurtful to him. They do not, however, constitute extreme and outrageous conduct within the scope of the precedents of our Supreme Court and this court. Because the defendant's alleged actions in the present case were not so atrocious as to exceed all bounds usually tolerated by decent society, they are insufficient as a matter of law to form the basis of an action for intentional infliction of emotional distress. We thus conclude that, because the plaintiff failed to set forth a viable cause of action for

---

[4] Courts, however, have allowed claims under circumstances more egregious than those alleged by the plaintiff, specifically those in which the defendant subjected the plaintiff to actual physical violence. See *Berry* v. *Loiseau,* 223 Conn. 786, 614 A.2d 414 (1992) (subjecting plaintiff to false imprisonment and repeated physical abuse, including punching and choking); *McKelvie* v. *Cooper,* 190 F.3d 58, 60–61 (2d Cir. 1999) (kicking plaintiff and probing his penis, testicles and anus).

intentional infliction of emotional distress, the court's granting of the defendant's motion to strike and its rendering of judgment after the plaintiff failed to replead were correct under the applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.